09-2120-cv
Osborne v. Fernandez

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> DENNY CHIN,
>     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE R. OSBORNE and PATRISHA S. OSBORNE, d/b/a SHERWOOD FOREST,

> *Plaintiffs-Appellants,*

    v.                                                  No. 09-2120-cv

GERARDO FERNANDEZ, JOHN ROYALL, ARTHUR FREEHILL, JOHN KLEMERER, JAMES FOUTS, and THOMAS ANGELL, Individually and as Members of the Planning Board of the Town of Stanford,
> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANTS:**         George R. Osborne, *pro se*, Clinton Corners, NY.

                              Patrisha S. Osborne, *pro se*, Clinton Corners, NY.

1

**FOR APPELLEES:**    Brian S. Sokoloff (Anthony F. Cardoso, *on the brief*), Sokoloff Stern LLP, Westbury, NY, *for Defendant-Appellee Gerardo Fernandez.*

Paul E. Svensson, Hodges, Walsh & Slater, LLP, White Plains, NY, *for Defendants-Appellees John Royall, Arthur Frehill, John Kemmerer, James Fouts, and Thomas Angell.*

Appeal from a March 31, 2009, judgment entered in the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiffs-Appellants George R. Osborne, *pro se*, and Patrisha S. Osborne, *pro se* (jointly, "plaintiffs"), appeal from the judgment of the District Court granting defendants-appellees' motions for summary judgment and dismissing their 42 U.S.C. § 1983 complaint, which alleged various constitutional violations in connection with a long-running zoning dispute between plaintiffs and the Town of Stanford Planning Board. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *ReliaStar Life Ins. Co. v. Home Depot U.S.A., Inc.*, 570 F.3d 513, 517 (2d Cir. 2009). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quotation marks omitted), but "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Following a review of the record, we conclude that the District Court properly granted the appellees' motions for summary judgment, and we thus affirm the District Court's judgment for substantially the reasons set forth in its thorough opinion, *Osborne v. Fernandez*, No. 06-cv-4127, 2009 U.S. Dist. LEXIS 27409 (S.D.N.Y. Mar. 31, 2009). In particular, the District Court was correct to hold that the Osbornes' due-process claims are not ripe for review because the Osbornes have not yet received a final decision on their subdivision application. *See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186-87 (1985).

2

We have considered all of the arguments raised in the Osbornes' brief and reply brief and find them to be without merit. For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk of Court